UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRELL BEST,

                     Plaintiff,

-vs-                                DECISION AND ORDER

COMMISSIONER OF SOCIAL          16-CV-6255-CJS
SECURITY,

                     Defendant.
_____

**APPEARANCES**

For Plaintiff:                  Brandi Christine Smith, Esq.
                               Kenneth R. Hiller, Esq.
                               Law Offices of Kenneth Hiller, PPLC
                               6000 North Bailey Avenue Suite 1A
                               Amherst, NY 14226
                               (716) 447-3749

For the Commissioner:       Sixtina Fernandez, Esq.
                               Sandra M. Grossfeld, Esq.
                               Social Security Administration
                               Office of General Counsel
                               26 Federal Plaza Room 3904
                               New York, NY 10278
                               (212) 264-6372

                               Kathryn L. Smith, A.U.S.A.
                               United States Attorney's Office
                               100 State Street
                               Rochester, NY 14614
                               (585) 263-6760

## INTRODUCTION

**Siragusa, J.** Darrell Best ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits. Presently before the Court is Plaintiff's motion for judgment on the pleadings, as well as the Commissioner's cross-motion also for judgment on the pleadings both pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Court grants Commissioner's cross-motion for judgment on the pleadings, ECF No. 14, and denies Plaintiff's motion for judgment, ECF No. 12.

## PROCEDURAL HISTORY

Plaintiff filed a claim for Supplemental Security Income on November 14, 2012. In it he alleged he was disabled as of September 25, 2011. R.[1] 141. The Social Security Administration denied his claim on January 9, 2013, and he appeared before an Administrative Law Judge ("ALJ") in Rochester, New York, for a hearing on August 19, 2014, at which a vocational expert testified. An attorney represented Plaintiff at the hearing. The ALJ issued an unfavorable decision on September 12, 2014, which Plaintiff appealed. The Appeals Council affirmed the ALJ's decision on February 19, 2016, and Plaintiff commenced this appeal pursuant to 42 U.S.C. § 405(g) on April 18, 2016. ECF No. 1. The case was submitted on papers without oral argument.

## THE ALJ'S DECISION

The ALJ applied the Commissioner's five-step sequential evaluation for adjudicating disability claims, 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ found Plaintiff had

---

[1] R. is a reference to the Social Security Administration's "transcript of the entire record of proceedings related to this case." R. 1, Sept. 6, 2016, ECF No. 8.

not engaged in any substantial gainful employment since October 1, 2012. At step two, the ALJ determined that Plaintiff had the following severe impairments: carpal tunnel syndrome; torn meniscus, left knee; status post tibial fracture; status post mild myocardial infarction; inguinal hernia; drug and alcohol dependence. R. 10. At step three, the ALJ determined that the impairments did not medically meet or exceeded the severity of one of the Commissioner's listed impairments.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 416.967, "except that the claimant is able to do no more than frequent fingering and handling; must be allowed to sit for two minutes after standing for forty-five minutes; and is limited to simple, routine tasks." R. 12. Plaintiff had no past relevant work. R. 32. At step five, considering his age, education, work experience, and RFC, the ALJ determined that a significant number of jobs existed in the national economy that Plaintiff could perform, specifically: Deliverer, outside; Investigator, deal accounts. R. 17–18. Accordingly, the ALJ found Plaintiff not disabled. R 18.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's disability determination only if it is not supported by "substantial evidence," or if the Commissioner committed legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff faults the ALJ for failing to follow the treating source rule when he discounted the opinions of Plaintiff's treating primary care physician William R. Morehouse, M.D. Both Dr. Morehouse and his physician assistant, Jessica M. Speares,[2] worked at Grace Family Medicine in Rochester. Dr. Morehouse is listed as the Medical Director on the practice's letterhead. R. 527.

### *Treating source rule*

The Commissioner's regulations specify that a treating source's opinion can be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is also "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 416.927(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts."). Regardless of the weight given, the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." *Id.* 20 C.F.R. § 416.927 (Mar. 27, 2017).

### *Analysis*

The ALJ considered that Plaintiff's main complaint is that his hands hurt when he holds things. R. 12. He also considered Plaintiff's testimony that his left knee bothers him ever since an operation to correct the results of being struck by a motorcycle in 2010. R. 13. The ALJ

---

[2] Plaintiff's memorandum of law identifies Ms. Speares as a certified registered physician assistant. Pl.'s Mem. of Law 5, Dec. 9, 2016, ECF No. 12-1. Ms. Speares is not considered an acceptable medical source for claims filed prior to March 27, 2017, 20 C.F.R. § 416.902(a)(8), but her evidence can be considered under 20 C.F.R. § 416.913(a)(3).

4

further observed that Plaintiff suffered a heart attack in 2012 and had a stent inserted. Finally, the ALJ considered Plaintiff's report of hernia surgery years ago and his need for additional hernia surgery. R. 13.

On May 15, 2012, Dr. Morehouse completed a Physical Assessment for Determination of Employability on Plaintiff's behalf for the Monroe County Department of Human Services. R. 509. On that form, he indicated that Plaintiff could work up to 20 hours per week with reasonable accommodations. *Id*. Dr. Morehouse limited him to lifting no more than 15 pounds, and advised the he should limit his wrist use due to carpal tunnel syndrome. R. 510. He further noted that Plaintiff was limited to walking and standing no more than two to four hours in an eight-hour workday, sitting more than four hours, pushing, pulling and bending and lifting no more than one to two hours. R. 512.

Consultative examiner Samuel Balderman, M.D., a thoracic surgeon, examined Plaintiff on December 26, 2012, and noted in his report that he had full range of motion of his "shoulders, elbows, forearms, and wrists bilaterally" R. 383. He concluded that Plaintiff "has mild physical limitations…in kneeling and repetitive climbing due to left knee pain" and that he "may require nerve conduction studies to confirm his claim of carpal tunnel syndrome." R. 384. The ALJ accorded "significant weight to the opinion of Dr. Balderman" because "his opinion that the claimant has mild limitations with regard to kneeling and climbing is consistent with the record." R. 14.

In a February 8, 2013, office visit for "forms," Dr. Morehouse concluded that Plaintiff was "able to work 30 hours with restrictions on lifting more than 20 pounds or strenuous exercise due to inguinal hernia and coronary artery disease." R. 528. However, in an office visit on June 28, 2013, for insomnia, eczema, and smoking cessation, Dr. Morehouse wrote that Plaintiff was "OK to work up to 25 hours as long as CD and MH treatment is completed

5

and no repetitive hand/wrist movement (carpal tunnel)." R. 530. Dr. Morehouse's notes do not specify the reason for the time limitations in any of his assessments of Plaintiff's ability to work.

In his decision, the Commissioner remarked about the inconsistency between Dr. Morehouse's opinion of February 2013 (that Plaintiff could work 30 hours per week) and his opinion in June 2013 (that Plaintiff could work 25 hours per week), which led the ALJ to conclude that Dr. Morehouse's opinion "on how many hours a week the claimant could work is entirely speculative and not supported by the medical evidence or the claimant's daily activities." R. 14.

Plaintiff was a patient of Matthew Mack, M.D., between June 30, 2010, and May 15, 2012. In a Physical Residual Functional Capacity Questionnaire dated May 15, 2012, Dr. Mack stated that in an eight-hour workday, Plaintiff could: walk and stand two to four hours; sit more than four hours; push, pull, and bend one to two hours; see, hear, and speak more than four hours; and lift or carry one to two hours. R. 512.

Dr. Mack completed another Physical Residual Functional Capacity Questionnaire on August 15, 2014, more than two years after he had last examined Plaintiff. In that questionnaire, he indicated that Plaintiff could not sustain full-time employment at any exertional level. R. 550. Further, that Plaintiff would be off task 30% of an eight-hour workday; could sit for 30 minutes, stand for 20 minutes, and sit, stand or walk for about four hours; and needed to walk every 45 minutes for one minute. R. 551. Additionally, he noted that Plaintiff could grasp and turn objects with his hands, and finely manipulate objects with his fingers only 30% of the day with his right hand, and 90% of the day with his left hand. R. 552. Dr. Mack suggested that Plaintiff would likely be absent from work more than four days per month due to his impairments or treatment. R. 552.

The ALJ gave Dr. Mack's opinion little weight due to its inconsistency with his earlier May 2012 assessment, and inconsistency with other medical evidence in the Record. R. 16. The ALJ wrote, "[t]he record does not support the restrictions described by Dr. Mack, and the restrictions described do not support a finding that the claimant would likely miss more than four days of work per month." R. 16.

The ALJ noted that Plaintiff was advised to consult with a specialist concerning his carpal tunnel diagnosis, but had not done so. R. 13; see R. 529 ("Encouraged f/u with specialist"). Ms. Speares' treatment notes dated November 25, 2013, show that his carpel tunnel syndrome "problem is adequately compensated" with bilateral wrist splints and use of Tylenol. R. 533. She further wrote: "Advised wearing wrist splints as directed. Refer to ortho if no imp[ro]vement after 4-6 weeks. Avoid NSAIDs as these can raise BP. Take Tylenol for pain." R. 533.

The Commissioner also points out that both Dr. Morehouse and Ms. Speares found on three occasions that Plaintiff was able to move all his extremities well and that his strength and sensation were "grossly intact." R. 525 (Jan. 3, 2013); 529 (Jun. 28, 2013); 538 (Jun. 9, 2014). Plaintiff reported that he "can't use my hands repeatedly," R. 182, but that "when my hands aren't in pain I can wash dishes, laundry, iron and etc. I also rake leaves," R. 180 (Function Report—Adult).

Plaintiff argues that the ALJ improperly rejected Dr. Morehouse's opinions through "conclusory and unexplained reasons," and that the Commissioner engaged in post-hoc rationalizations. Plaintiff cites to *Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008), and *Wilson v. Colvin*, 213 F. Supp. 3d 478, 483 (W.D.N.Y. 2016), in support of his arguments.

In *Goldthrite*, the ALJ accused the claimant of malingering by misusing medications, cross-examined the claimant during the hearing, and decried the amount of medication prescribed to her. *Id.* at 339. The district court determined the ALJ was substituting his own judgment in the face of competent medial opinion. *Id.* In *Wilson*, the ALJ disregarded "the sole medical expert opinion in the record regarding the extent of the limitations caused by Plaintiff's mental impairments." *Wilson*, 213 F. Supp. 3d at 483. The opinion notes that "[t]he ALJ did not explain why he believed these limitations were based on 'speculation,' and his failure to link this vague assertion to any evidence in the record precludes meaningful appellate review." *Wilson v. Colvin*, 213 F. Supp. 3d 478, 484 (W.D.N.Y. 2016) Both cases, therefore, are factually distinguished from the case before the Court.

To the contrary, the ALJ here did not substitute his own medical judgment for that of Dr. Morehouse, Dr. Mack, or Ms. Speares. In his determination concerning Dr. Morehouse's conclusions about the number of hours Plaintiff could work, the ALJ pointed out the change in opinions between Dr. Morehouse's February and June 2013 reports, and contrasted the consistent observation by Dr. Morehouse and Ms. Speares that Plaintiff was able to move all his extremities well and that his strength and sensation were "grossly intact." Further, Plaintiff's own testimony and written response to a questionnaire indicated that when not in pain, he was fully capable of performing work with his hands, and Dr. Balderman's examination found no limitations in his ability to use his hands.

Plaintiff also contends that the ALJ's decision does not specify the rationalizations that the Commissioner has made in her memorandum of law. In his decision, the ALJ noted that "[t]reatment notes, dated November 25, 2013, indicate that the claimant's carpal tunnel syndrome was adequately compensated (Ex. BI2F, p. 10)." R. 13. Regarding the treating physi-

cian's conclusions, the ALJ wrote: "Dr. Morehouse did not explain why the claimant's restrictions increased. I note that in January 2013, the doctor reported that the claimant was able to move all extremities well and that the claimant's strength and sensation were grossly intact (Ex. B12F, p. 2)." R. 14. He further noted that:

> [T]he doctor does not explain why he indicated that the claimant was able to work thirty hours in February 2013, but could only work twenty-five hours in June 2013. The record does not show that the claimant's impairments became more severe. In any event, the opinion on how many hours a week the claimant could work is entirely speculative and not supported by the medical evidence or the claimant's daily activities.

R. 14. With regard to the physician assistant, the ALJ wrote: "Ms. Spears indicated that the claimant experiences pain with repetitive hand movements." R. 14. He then noted:

> Ms. Spears opined that the claimant was able to work up to forty hour[s] per week with reasonable accommodations (Ex. B11F, p. 2). Ms. Spears completed an updated assessment in February 2013 (Ex. B11F, p. 6). She continued to indicate that the claimant is very limited in the ability to lift/carry. Ms. Spears stated that the claimant does not display evidence of limitations in walking, standing, sitting, pushing, pulling, bending, seeing, hearing, or speaking (Ex. B11F, p. 9). Ms. Spears opined that the claimant would be able to work up to thirty hours per week with reasonable accommodations (Ex. B11F, p. 8).

R. 14-15. After discussing the Commissioner's rules on the weight he was permitted to give to a non-acceptable medical source, the ALJ wrote:

> Although I give Ms. Spears' opinion some weight, I note that she indicated in 2013 that the claimant was only able to work up to thirty hours per week even though she had opined that the claimant was able to work forty hours per week in 2012. She did not indicate that the claimant's impairments became more severe. On the contrary, Ms. Spears indicated that the claimant's limitations had become less severe.

R. 15. The Court finds that the ALJ properly followed the requirements of the Commissioner's treating source rule and his determination that Plaintiff is capable of light work with certain limitation set out above is supported by substantial evidence, and is affirmed.

## CONCLUSION

For the foregoing reasons, the Court grants Commissioner's cross-motion for judgment on the pleadings, ECF No. 14, and denies Plaintiff's, ECF No. 12, motion for judgment on the pleadings. The Court upholds the Commissioner's decision denying benefits. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED: October 1, 2018
Rochester, New York

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge